IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ALFRED MARION WALKER,

        Plaintiff,

v.

VILLAGE COURT, *et al.*,

        Defendants.

Civil Action No.
3:17-CV-0390 (DNH/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

ALFRED MARION WALKER, *Pro se*
c/o 60 Saratoga Avenue
Apartment 114
Binghamton, NY 13901

FOR DEFENDANTS:

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiff Alfred Marion Walker, who is proceeding *pro se*, has commenced this action against the State of New York and various agencies and individuals associated with Broome County and/or the City of Endicott, New York. Despite ample notice of the requirement that he

either pay a statutory filing fee or submit a properly supported application for leave to proceed *in forma pauperis*, he has failed to do either. Accordingly, I recommend that plaintiff's complaint be dismissed.

I. BACKGROUND

Plaintiff commenced this action on April 6, 2017. Dkt. No. 1. Plaintiff's complaint names the State of New York and sixteen other defendants of varying descriptions as defendants, and sets forth five enumerated causes of action for trespass or "trespass on the case." *See generally id.* Upon receiving plaintiff's complaint, District Judge David N. Hurd issued an order on April 11, 2017, directing administrative closure of the case in light of plaintiff's failure to pay the requisite statutory filing fee or file an application to proceed in the action *in forma pauperis* ("IFP"). Dkt. No. 3.

Plaintiff thereafter submitted to the court a document entitled "Writ Re: Amended Action And Application for In forma pauperis" and "Writ of Error Qua Corum Nobis Residant." Dkt. No. 4. That document, as well as plaintiff's complaint, were referred to me for review. Based upon that review, I issued an order on May 10, 2017, denying plaintiff's IFP application, without prejudice, and requiring plaintiff to either pay the statutory filing fee of $400.00 or submit a proper application for leave to proceed without prepayment of fees on or before June 2, 2107. Dkt. No. 6.

Despite the passage of that deadline, plaintiff has taken no further action in this case.

II.     DISCUSSION

Upon commencement of an action in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1]

Notwithstanding the reference in the document's title to "Application for In Forma pauperis," plaintiff's most recent submission fails to contain any information concerning his financial status. *See generally* Dkt. No. 4. Instead, plaintiff insists that courts lack the authority to require payment of filing fees for court access, citing *Crandall v. State of Nevada*, 73 U.S. 35 (1867). *Id.* at 2. That case, however, does not so hold, and Congress has specifically authorized district courts to require payment of filing fees in order to commence actions. *See* 28 U.S.C. § 1914(a) ("The clerk of each

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

district court *shall require* the parties instituting any civil action. . . to pay a filing fee[.]" (emphasis added)). As was noted above, district courts do retain the discretion, upon a proper showing, to excuse the payment of the filing fee and grant IFP status to a plaintiff. 28 U.S.C. § 1915(a)(1); *see Fridman*, 195 F. Supp. 2d at 536 & n.1. In this instance, however, due to plaintiff's failure to provide any information concerning his finances, the court is unable to make any meaningful assessment of his financial status and determine whether he qualifies for leave to proceed without prepayment of fees.

Having failed to comply with this court's May 10, 2017 order, I now recommend that plaintiff's complaint be dismissed for failure to pay the required filing fee or to obtain leave to proceed IFP. *See, e.g., Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013).

III. SUMMARY AND RECOMMENDATION

Despite being placed on notice of the court's requirements, plaintiff has failed to either pay the required filing fee in this case or to demonstrate that he qualifies for leave to proceed without prepayment of fees. Accordingly, it is hereby

RECOMMENDED that plaintiff's complaint in this action be DISMISSED without prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[2] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: August 4, 2017
Syracuse, New York

*[signature]*
David E. Peebles
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

5